UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JING YUNG WANG and FEI YE,

                Plaintiffs,

         -against-

HOME DEPOT U.S.A., INC.,

                Defendant.
-------------------------------------------------------------------x

**MEMORANDUM AND ORDER**
23-CV-08995 (OEM) (JAM)

ORELIA E. MERCHANT, United States District Judge:

On October 31, 2023, Plaintiffs Jin Yung Wang and Fei Ye ("Plaintiffs") commenced this action against Defendant Home Depot U.S.A., Inc. ("Defendant" or "Home Depot") in the Supreme Court of the State of New York, County of Queens, alleging claims of (1) negligence and (2) loss of services, companionship, and society under New York law based on a box of tiles that fell on Plaintiff Wang's feet on July 15, 2022, while Plaintiffs were shopping at a Home Depot store in Flushing, New York. Verified Complaint ("Compl."), ECF 1-1, annexed as Ex. A to Notice of Removal. On December 7, 2023, Defendant removed the action to the Eastern District of New York based on diversity jurisdiction under 28 U.S.C. § 1332. Notice of Removal, ECF 1.

Before the Court is Defendant's fully-briefed motion for summary judgment under Federal Rule of Civil Procedure 56.[1] For the following reasons, Defendant's motion is granted.

---

[1] Defendant's Notice of Motion, ECF 24; Defendant's Memorandum of Law ("Def.'s MOL"), ECF 24-8; Defendant's Local Civil Rule 56.1 Statement ("Def.'s 56.1 Statement"), ECF 24-1; Plaintiffs' Complaint as Exhibit A, ECF 24-3; Plaintiffs' Response to Defendant's First Set of Interrogatories as Exhibit B, ECF 24-4; Plaintiff Wang's Deposition Transcript as Exhibit C ("Wang Dep. Tr."), ECF 24-5; an after-the-fact photograph taken by Plaintiff Wang of the area where accident occurred, Exhibit D, ECF 24-6; an affidavit by Home Depot customer experience manager Tajai Roberts ("Roberts Aff."), ECF 24-7; Plaintiffs' Memorandum of Law in Opposition ("Pls.' Opp."), ECF 25; Plaintiff's Local Civil Rule 56.1 Additional Statement ("Pls.' 56.1 Additional Statement"), ECF 25-1; Plaintiff's Local Civil Rule 56.1 Counterstatement ("Pls.' 56.1 Statement"), ECF 25-2; Defendant's Reply ("Def.'s Reply"), ECF 26.

1

## BACKGROUND[2]

On July 15, 2022, Plaintiff Wang and his wife, Plaintiff Ye, went shopping for porcelain floor tiles at a Home Depot store located at 124-04 31st Avenue, Flushing, New York. Pls.' 56.1 ¶¶ 4-6. Plaintiff and his wife went to aisle five where the tiles were located to purchase six square-shaped tiles measuring 45 x 45 centimeters. *Id.* ¶¶ 7-8; Wang Dep. Tr. at 24:3-25:5. The tiles Plaintiff intended to purchase were boxed and stacked on a wooden pallet sitting on the floor underneath a metal shelf. Pls.' 56.1 ¶ 11; *see* Ex. D. Some tile boxes were stacked vertically and others horizontally. Pls.' 56.1 ¶ 12. Some boxes faced Plaintiff Wang and others were sideways. Pls.' 56.1 ¶ 13. In addition to the tiles inside the boxes, there were also approximately nine to ten loose tiles that were sitting on top of the tile boxes. *Id.* ¶¶ 13-14.

Plaintiff Wang asked his wife to get a shopping cart so he could place the tiles in it. *Id.* ¶ 15. While his wife was getting the shopping cart, Plaintiff Wang began removing the tiles from the palette to get them ready to load onto the cart. *Id.* ¶ 16. He took the loose tiles off the bottom pallet, placed them on the floor to measure them, and then placed them on top of boxes that were on another pallet located to Plaintiff Wang's right. Pls.' 56.1 ¶ 17, 20. Plaintiff put loose tiles that he felt were "irregular" on top of other boxes on the pallet. Pls.' 56.1 ¶ 22. He then put the tiles he intended to purchase on top of the "defect[ive]" or irregular tiles. *Id.* ¶ 23.

Before Plaintiff started moving the loose tiles from one pallet to another, he did not notice anything unusual about the way the boxes were stacked on the bottom pallet. *Id.* ¶ 30. Plaintiff Wang inspected five loose tiles for irregularities and "was getting to get the six [sic] piece of tile" when the accident happened. Pls.' 56.1 ¶ 24. While Plaintiff Wang leaned down, one of

---

[2] The following facts are undisputed unless otherwise stated.

2

the boxes of tiles that was standing up and facing him on the bottom wooden pallet, fell onto Plaintiff's feet. *Id.* ¶ 26. Plaintiff had no idea what caused that box to fall over. Pls.' 56.1 ¶ 31. The box of tiles that fell was full and was "very heavy," "like, fifty to sixty pounds." *Id.* ¶ 34. Plaintiff Wang felt "extreme pain" on both feet, particularly in his left foot toe, and "he thought [his]toes were bleeding" but ultimately, they were not bleeding. Pls.' Additional 56.1 ¶ 21.

A Home Depot employee came over after to assist Plaintiff in placing the loose tiles into the shopping cart, and plaintiff did not tell the employee he just had an accident or that he was experiencing pain in his feet. Pls.' 56.1 ¶ 35. Plaintiff and his wife then stood in line to pay for their tiles and, while there, Plaintiff asked his wife to get a manager because of the pain he was feeling in his foot. Pls.' 56.1 ¶ 36. Plaintiff's wife wrote out an accident report. *Id.* ¶ 37.

## PROCEDURAL HISTORY

Plaintiffs initially commenced this action against Defendant in the Supreme Court of the State of New York, case number 721691/2023. Verified Complaint, ECF 1-1. After being served with a summons on November 7, 2023, Defendant timely removed the action to this Court. Notice of Removal, ECF 1. Defendant answered the complaint. ECF 10. The parties exchanged discovery, which was completed on August 20, 2024. *See* Status Report Certifying Close of Discovery, ECF 23. On September 20, 2024, the parties filed the fully-briefed motion for summary judgment.

## LEGAL STANDARD

In resolving a motion for summary judgment under Federal Rule of Civil Procedure 56 ("Rule 56"), the Court must undertake "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A court must grant summary judgment if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law[,]" and a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

The moving party bears the initial burden of demonstrating that no genuine issues of material fact exist. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once this burden is met, however, the burden shifts to the non-moving party to put forward some evidence establishing the existence of a question of fact that must be resolved at trial. *Spinelli v. City of N.Y.*, 579 F.3d 160, 166-67 (2d Cir. 2009); *see also Celotex Corp.*, 477 U.S. at 322-23. The non-moving party must show more than "[t]he mere existence of a scintilla of evidence" in support of their position; "there must be evidence on which the jury could reasonably find for the" non-movant. *Hayut v. State Univ. of N.Y.*, 352 F.3d 733, 743 (2d Cir. 2003) (quotation omitted). In other words, to defeat summary judgment, the non-moving party must go beyond the pleadings and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Thus, the nonmoving party may not rest upon mere conclusory allegations or denials but must set forth "concrete particulars" showing that a trial is needed. *R.G. Grp., Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984). Accordingly, it is insufficient for a party opposing summary judgment "merely to assert a conclusion without supplying supporting arguments or facts." *BellSouth Telecomms., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996).

The parties "must support" their assertions "that a fact cannot be or is genuinely disputed" by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or, alternatively, by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(C)(1)(A)-(B). Courts must view the record evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 309 (2d Cir. 2008); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157-59 (1970). However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson*, 477 U.S. at 247-48.

Rule 56 "does not allow district courts to automatically grant summary judgment on a claim simply because the summary judgment motion, or relevant part, is unopposed." *Jackson v. Federal Express*, 766 F.3d 189, 194 (2d Cir. 2014). Before granting such a motion, "the district court must ensure that each statement of material fact is supported by record evidence sufficient to satisfy the movant's burden even if the statement is unopposed." *Id.*; *see Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001) (the Court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. If it has not, summary judgment is inappropriate, for 'no defense to an insufficient showing is required.'" (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 161 (1970)). The Court must also "determine whether the legal theory of the motion is sound." *Jackson*, 766 F.3d at 194.

## DISCUSSION

Plaintiff asserts two causes of action: (1) negligence; and (2) loss of services, companionship, and society. Compl. at 6, 8. Defendant argues that it is entitled to summary judgment on Plaintiffs' negligence claim because there is no evidence in the record that it improperly stacked the tiles, and thus created the dangerous condition that injured Plaintiff, or that Defendant had actual notice of any dangerous condition regarding the tile boxes. *See generally* Def.'s MOL.

**A.    Negligence Claim**

To prevail on a negligence claim in New York, a plaintiff must establish three elements: "(i) a duty owed to the plaintiff by the defendant; (ii) breach of that duty; and (iii) injury substantially caused by that breach." *Lombard v. Booz-Allen & Hamilton, Inc.*, 280 F.3d 209, 215 (2d Cir. 2002). In the context of premises liability cases, "landlords owe guests the 'duty to exercise reasonable care in maintaining their property in a reasonably safe condition under the circumstances.'" *Gomez v. Target Corp.*, 23-CV-846 (RPK) (LB), 2025 WL 563933, at * 2 (E.D.N.Y. Feb. 20, 2025) (quoting *Powers ex rel. Powers v. 31 E. 31 LLC*, 20 N.E.3d 990, 995-96 (N.Y. 2014)). A plaintiff who suffers an injury from a condition on a property may hold the property's owner or tenant liable. *Id.* To make a *prima facie* showing of liability, the plaintiff must show that the defendant "either affirmatively created the condition alleged to have caused plaintiff's [injury] or had actual or constructive notice of the condition and a reasonable time to correct or warn about its existence." *Puello v. Jetro Cash & Carry Enters., LLC*, 18-CV-1645 (LGS), 2020 WL 564573, at *2 (S.D.N.Y. Feb. 5, 2020) (quoting *Mercer v. City of New York*, 670 N.E.2d 443, 444 (N.Y. 1996)).

Plaintiff misstates the parties' respective burden of proof at summary judgment in this case. *See* Pl.'s Opp. at 1-4. If this action was litigated in state court, the initial burden would be on the defendant as the moving party "to demonstrate, as a matter of law, '[that it] maintained the property in question in a reasonably safe condition'" and that there was no genuine issue of material fact that "[it] neither created the allegedly dangerous condition existing thereon nor had actual or constructive notice thereof.'" *Norse v. Saratoga Harness Racing, Inc.*, 81 A.D.3d 1063, 1063 (3d Dep't 2011). However, the burden of proof on a motion for summary judgment in federal court differs from its New York analogue – in federal court, "the evidentiary burdens that the respective parties will bear at trial guide district courts in their determination of summary judgment motions." *Brady v. Town of Colchester*, 863 F.2d 205, 211 (2d Cir. 1988). Therefore, a federal court may grant summary judgment to a defendant based on a plaintiff's failure to adduce evidence supporting the elements of his claim—that is, evidence sufficient to create a genuine issue of fact that defendant had actual or constructive notice of the allegedly dangerous condition—because "[a]t trial . . . [plaintiff] would bear the burden of proof on the elements of his premises liability claim." *Tenay v. Culinary Teachers Ass'n of Hyde Park*, 281 F. App'x 11, 12-13 (2d Cir. 2008) (summary order); *Gomez*, 2025 WL 563933, at *2 (when a negligence claim under New York law is litigated in federal court, the defendant is entitled to summary judgment "if the plaintiff does not put forward evidence from which a jury could find a prima facie case established.") (citing *Puello*, 2020 WL 564573, at *2 & n.1). In federal court, the defendant, as the moving party, "need not make any affirmative *prima facie* showing on [a] motion for summary judgment and may discharge its burden of proof merely 'by pointing to an absence of evidence to support an essential element of [Plaintiff's] claim.'" *Vasquez v. United States*, 2016 WL 315879, at *5 (S.D.N.Y. Jan. 15, 2016) (citing *Feis v. United States*, 394 F. App'x 797, 798-99 (2d Cir. 2010) (applying New

7

York substantive law and federal procedural law, finding that "contrary to plaintiff's assertions, defendant was not required to affirmatively disprove each element of plaintiff's [slip-and-fall] claim.").

Here, contrary to Plaintiffs' assertions in their opposition paper, Defendant may satisfy its burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case,'" and need not "raise a prima facie case." *Hughes v. United States*, 12-CV-5109 (CM), 2014 WL 929837, at *4 (S.D.N.Y. Mar. 7, 2014) (quoting *Celotex*, 477 U.S. at 325); *accord Gisser v. Wal-Mart Stores E., LP*, 17-CV-5293, 2018 WL 6493101, at *3 (S.D.N.Y. Dec. 7, 2018). If Defendant satisfies that burden, the burden then shifts to Plaintiff to present evidence on each element of their claim to demonstrate that a genuine issue of material fact exists for trial. *Celotex*, 477 U.S. at 322-24.

### 1. Whether a Genuine Dispute of Material Fact Exists that Defendant Created a Hazardous Tiles Condition

Defendant argues that there is no evidence in the record showing that it improperly stacked the tiles and asserts that Plaintiff has not pointed to any affirmative act taken by Defendant to create the hazardous condition. Def.'s MOL at 6-8. Defendant asserts that Plaintiff Wang testified at this deposition that he did not notice anything unusual with the boxes prior the accident and that Plaintiff testified that he did not know what caused the tile box to fall from the pallet. *Id.* Defendant also asserts that the tile boxes are delivered pre-stacked by its vendor and that Defendant merchandizes the pallet without repositioning or restacking the tiles. *Id.* (citing Roberts Aff. ¶¶ 3-5).

"To establish that a defendant created a dangerous condition or defect, a plaintiff must point to some affirmative act on the part of the defendant." *Decker v. Middletown Walmart Supercenter Store*, 2017 WL 568761, at *5 (S.D.N.Y. Feb. 10, 2017). "Circumstantial evidence

8

on this point may be sufficient to defeat a motion for summary judgment, if it supports the inference that the defendant created the danger through its own affirmative acts." *Vasquez v. United States*, 2016 WL 315879, at *7 (S.D.N.Y. Jan. 15, 2016); *see also Feder v. Target Stores*, 15 F. Supp. 3d 253, 256 (E.D.N.Y. 2014).  However, "[a] plaintiff cannot avoid summary judgment through mere speculation and conjecture regarding how a defendant may have created a particular hazard." *Cousin v. White Castle Sys., Inc.*, 2009 WL 1955555, at *6 (E.D.N.Y. July 6, 2009); *see also Feder*, 15 F. Supp. 3d at 256 ("Though a plaintiff cannot avoid summary judgment on this issue through mere speculation and conjecture, circumstantial evidence may be sufficient if it supports an inference of causation or negligence.").

It is undisputed that Plaintiff did not notice anything unusual in how the boxes were stacked prior to the accident and he had no idea what caused the boxes to fall over.  Pls.' 56.1 ¶¶ 30, 31. Defendant asserted that the porcelain tiles "are shipped from the vendor pre-loaded on wooden pallets" that "are secured through shipping by means of a plastic strap and the pallet is shrink-wrapped."  Roberts Aff. ¶¶ 3-4. Some boxes "are stacked standing up on their ends," and others are "stacked facing outward" and "sideways to fill the pallet space[.]" *Id.* ¶ 4.  Upon arrival at the Home Depot location, the shrink wrapping "is removed" from the pallet and "the tiles are merchandised as-is, so that customers can take the tiles off the pallet and place them in their carts or flats.  Home Depot [employees] do not reposition or stack the boxes of tiles when they are brought into the store." *Id.* ¶ 5.

In opposition, Plaintiffs does not point to any affirmative act by Defendant but rather relies on Roberts' affidavit to argue that "Home Depot unwrapped the pallet from the shrink-wrap and removed the plastic strapping [that] held the box of tiles in place."  Pls.' Opp. at 5 (citing Roberts Aff.).  However, Plaintiff's assertion is not supported by Roberts' affidavit; Roberts' affidavit

9

merely asserts "[t]he [shrink] wrapping is removed" and that "display and positioning of merchandise is the subject of training sessions on a recurrent basis." Roberts Aff. ¶¶ 5, 7. That statement, along with Plaintiff's testimony that there was no plastic wrapping around the boxes, does not create an inference that Defendant's employees must have carried or handled the box of tiles, removed the plastic strapping, and positioned the boxes in a dangerous condition – as opposed to, for example, the vendor or other customers that may have moved, like Plaintiff, the tile boxes. *See Lionel v. Target Corp.*, 44 F. Supp. 3d 315, 319 (E.D.N.Y. 2014) ("Plaintiff's burden at this stage of the proceedings is not merely to proffer a plausible theory, but to present evidence from which a reasonable jury could draw the inference that Defendant created the hazardous condition."); *Breitenbucher v. Wal-Mart Stores, Inc.*, 17-CV-6633 (RRM) (AYS), 2020 WL 2523046, at *4 (E.D.N.Y. May 18, 2020) (finding that "[e]vidence that a defendant merely permitted a dangerous condition to exist is insufficient to demonstrate that the defendant created a hazardous condition"); *see also Kirbaran v. Target Corp.*, 720 F. Supp. 3d 267, 276 (S.D.N.Y. 2024) (finding that "[e]vidence that [Target] merely permitted a dangerous condition to exist" was not an "affirmative act"). Further, Plaintiff's unsworn and unsupported statements are insufficient to create a genuine issue of material fact that Defendant created the hazardous condition. *See* FED. R. CIV. P. 56(C) (requiring that "[a] party asserting that a fact . . . is genuinely disputed must support the assertion by" "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials"); *see also Painchault v. Target Corp.*, 09-CV-1831, 2011 WL 4344150, at *3 (E.D.N.Y. Sept. 14, 2011) (granting summary judgment where plaintiff did not know the source of the hazardous and failed to present any other evidence regarding its source)

10

*McCoy v. TJX Companies, Inc. (McCoy I)*, 21-CV-4907 (VEC), 2023 WL 4624499 (S.D.N.Y. July 19, 2023), is instructive here. There, plaintiff sat down on a stool that was for sale at a store, and the stool toppled over, causing plaintiff to fall to the ground. *McCoy I*, 2023 WL 4624499, at *1. After the fall, plaintiff discovered that the stool had been stacked on top of another identical stool. *Id.* The store's merchandise manager responded to the scene and told Plaintiff that the stools "shouldn't have been there." *Id.* On defendant's motion for summary judgment, the court found that plaintiff had not offered any affirmative evidence that defendant or its employees placed the stools on the sales floor and stacked them prior to the incident or that any employees were actively stocking merchandise in the area of her fall. *Id.* at *3. The court further found that the store manager's statement that the stools shouldn't have been there "d[id] not create an inference that it was an employee of Defendant who stacked the stools." *Id.* The court discredited plaintiff's argument that the absence of evidence that anyone other than employees or agents of defendant are responsible for the display of merchandise suggested that Defendant stacked the stools, but instead found that such argument was speculation that was insufficient to defeat summary judgment. *Id.* Here, just as in *McCoy I*, Plaintiff has not offered any affirmative evidence that Home Depot or any of its employees placed the tiles on the pallet and stacked them. Plaintiff's own testimony at deposition is that he is unaware how the tiles were stacked or who stacked them. *See McCoy I*, 2023 WL 4624499, at *3 ("[A]bsent evidence that [d]efendant stacked the stools, [p]laintiff cannot demonstrate a genuine dispute of material fact that [d]efendant itself created the hazardous condition.").

Plaintiffs offer no affirmative evidence that Defendant improperly stacked the tiles and have not pointed to any circumstantial evidence that would create an inference that Defendant

11

created the condition that caused Plaintiff Wang's injuries. Thus, Plaintiffs have failed to create a genuine dispute of material fact that Defendant created a hazardous condition.

### 2. Whether a Genuine Dispute of Material Fact Exists that Defendant Had Actual Notice of the Hazardous Tiles Condition

Defendant argues that the record does not establish that it had actual notice of the improperly merchandized boxes prior to the accident because its employees did not observe the boxes in this position and it did not receive any complaints about how the tiles were positioned on the pallet. Def.'s MOL at 8-9. "To show actual notice, the plaintiff must 'prove that the defendants were, in fact, aware of the dangerous condition.'" *Strass v. Costco Wholesale Corp.*, 2016 WL 3448578, at *4 (E.D.N.Y. June 17, 2016) (quoting *Quarles v. Columbia Sussex Corp.*, 997 F. Supp. 327, 332 (E.D.N.Y. 1998)); *Nussbaum v. Metro-N. Commuter R.R.*, 603 F. App'x 10, 12 (2d Cir. 2015) ("Actual notice requires that a defendant receive complaints or similarly be alerted to the existence of the dangerous condition.").

There is no evidence in the record from which a reasonable juror could conclude that Defendant had actual notice that the boxes were improperly stacked before Plaintiff's accident. It is undisputed that Plaintiff did not notice anything unusual in the way the boxes were stacked prior to the accident and did not interact with Home Depot employees prior to the accident such that he could have put them on notice of the condition. Pls.' 56.1 ¶¶ 29-32. It was only after the accident that an employee came to assist him put the six tiles in the shopping cart. *Id.* ¶ 35. Plaintiff also testified that he did not notice anything unusual in the way the boxes were stacked prior to the accident. Pls.' 56.1 ¶ 29. Roberts asserts that he is unaware of any prior instances at this Home Depot location in which a tile box fell off a shelf and is unaware of any prior complaints made by customers concerning the merchandising and positioning of tile boxes on pallets. Roberts Aff. ¶¶ 8-11. He also asserts that Home Depot "conducts a formal inspection of the store each morning

12

at opening, during which every aisle is walked through by the opening manager . . . and any safety issues, including loose or leaning merchandise . . . are addressed." *Id.* ¶ 12. Therefore, a reasonable inference can be drawn that Defendant had no notice of this hazardous condition that day.

In opposition, Plaintiffs argue that Defendant had actual notice "for a sufficient length of time since the time it unwrapped the pallet and failed to remedy or provide any protections to tis customers" and therefore Defendant "chose to neglect to apply any protections or replace the tiles in a safer position."³ Pls.' Opp. at 6. However, Plaintiff has not pointed to any record evidence, aside from his own unsworn statements in his memorandum of law in opposition, to support his factual assertions and arguments that Defendant had actual notice. Plaintiff's contrary unsupported statements are insufficient to create a genuine issue of material that Defendant had actual notice of the hazardous condition posed by the boxes on the pallet. *See* FED. R. CIV. P. 56(C).

Because there is no evidence that Defendant was actually aware of a defect, Plaintiffs fail to show that Defendant had actual notice. *Leandro v. Wal-Mart Supercenter Store #2104*, 2021 WL 2742622, at *8 (S.D.N.Y. June 30, 2021) (granting summary judgment to defendants where there was no evidence that defendants were aware of the dangerous condition before the accident); *accord Strass*, 2016 WL 3448578, at *4 (granting summary judgment where "[a]side from conclusory references to 'actual notice,' [p]laintiffs d[id] not identify any evidence that would support a finding that [defendant] was, in fact, aware of the condition that allegedly caused [plaintiff's] fall").

---

³ Plaintiffs also conflate the relevant inquiry for constructive notice with actual notice. Indeed, the issue of whether there was a "sufficient length of time" goes to whether Defendant had *constructive* notice—not actual notice—which the Court address in the next section. *See infra* Section A.3.

13

### 3.     Whether a Genuine Dispute of Material Fact Exists that Defendant Had Constructive Notice of Hazardous Tiles Condition

For a defendant to have constructive notice of a condition that caused an accident, the condition must (1) have been "visible and apparent" and (2) have existed "for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it." *Gordon v. Am. Museum of Nat. History*, 67 N.Y.2d 836, 837, (1986); *Antonelli v. Wal-Mart Stores, Inc.*, 2000 WL 876785, at *1 (2d Cir. 2000).  A plaintiff must adduce "evidence demonstrating how long a condition existed prior to a plaintiff's accident" to defeat summary judgment.  *Rivera*, 2017 WL 2709745, at *5 (citing *Early v. Hilton Hotels Corp.*, 73 A.D. 559, 561 (1st Dep't 2010). "Thus, in cases where the plaintiff is unable to establish how long the condition causing the accident existed prior to the accident, courts have entered summary judgment in favor of the defendant." *Id.* (quoting *Stephanides v. BJ's Wholesale Club, Inc.*, 12-CV-83 (CLP), 2013 WL 1694901 at *5 (E.D.N.Y. Apr. 18, 2013)) (collecting cases). Plaintiffs may not merely proffer a plausible theory that Defendant was "generally aware of the existence of the dangerous condition," but instead, they must prove that the defendant had "notice of the 'particular condition' at issue." *Dondero v. Chopra & Nocerino LLP*, 21-1487, 2022 WL 320967, at *2 (2d Cir. Feb. 3, 2022)  (quoting *Taylor v. United States*, 121 F.3d 86, 90 (2d Cir. 1997)). While Plaintiffs may rely on circumstantial evidence to establish constructive notice, they must present more than mere speculation that Defendant should have been aware of a visibly hazardous condition.

The evidence in the record does not show that it was visible and apparent that the tile box was improperly stacked prior to the alleged accident.  Plaintiff testified that he examined the tiles, first by putting them on the floor, then measuring them, then finally putting them on the second-right side pallet.  He did this at least five times and was going to do this a sixth time when the tile box fell on his foot.  Before the box fell on his foot, however, Plaintiff testified that he did not

14

notice that the tiles were improperly stacked but only that there was no plastic wrapping around them. Thus, any hazard was unlikely to be visible and apparent to others. *See McCoy v. TJX Companies, Inc. (McCoy II)*, 23-1159, 2024 WL 4212194, at *1 (2d Cir. Sept. 17, 2024) (affirming grant of summary judgment and finding that hazardous condition was not visible and apparent where Plaintiff inspected the stools for over a minute before sitting on them, which caused her to fall); *see also Castellanos v. Target Dep't Stores, Inc.*, 12-CV-2775, 2013 WL 4017166 (S.D.N.Y. Aug. 8, 2013) (where neither plaintiff nor her fiancé saw defect before accident, plaintiff failed to present any evidence that defect was visible and apparent and that failure was fatal to her claim). The after-the-fact photograph that Plaintiff took also does not show a hazardous condition that could have been visible and apparent—where the wooden pallet at issue was on the ground and underneath the metal shelves. *See* Ex. D (after-the-fact photograph); *see Vasquez*, 2016 WL 315879, at *8 (granting summary judgment on issue of constructive notice where "no dangerous condition or defect is apparent in the photographs").

Plaintiff also failed to establish that the condition persisted long enough to have been remedied. There is no evidence in the record of how long the tiles were improperly stacked. Plaintiff testified that he did know when or how the tile boxes were stacked, and it is undisputed that Plaintiff did not notice that the tile boxes were stacked improperly and did not interact with any Home Depot employees before the accident. The only evidence of the condition is Plaintiff's testimony of what he observed after the accident. Thus, the claim falls as a matter of law because a reasonable factfinder could not conclude that the defect existed long enough for the Defendant to discover and remedy it. *See Rivera v. Target Dep't Store, Inc.,* 15-CV-7846 (HBP), 2017 WL 2709745, *7 (S.D.N.Y. June 22, 2017) (lack of evidence concerning the length of time that condition existed before plaintiff's accident failed to support inference that defendant had

constructive notice of it). Accordingly, Defendant is entitled to summary judgment on Plaintiffs' negligence claim.

### B. Claim for loss of services, companionship, and society

Plaintiffs' claim for loss of services, companionship, and society is derivative of their negligence claim. *Gerzog v. London Fog Corp.*, 907 F. Supp. 590, 605 (E.D.N.Y. 1995) (holding that "a claim for loss of consortium is a derivative claim which does not exist separate and apart from the injured spouse's claims"). Because the Court grants summary judgment in favor of Defendant on Plaintiffs' negligence claim, Plaintiffs' claim for loss of consortium must be dismissed as well. *Nealy v. U.S. Surgical Corp.*, 587 F. Supp. 2d 579, 585 (S.D.N.Y. 2008) ("Under New York law, a claim for loss of companionship, society, services, or support is derivative of the related primary causes of action; dismissal of the primary claims requires the Court to dismiss any dependent derivative claims."); *see Milone v. Bryant Park Corp.*, 23-CV-6412 (SLC), 2025 WL 438261 *7 (S.D.N.Y. Feb. 7, 2025) (dismissing loss of consortium claim because court granted summary judgment on plaintiffs' negligence claim for personal injury).

### CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment on Plaintiffs' negligence claim is granted, and Plaintiffs' claim for claim for loss of services, companionship, and society is dismissed. Accordingly, this action is hereby dismissed.

The Clerk of Court is respectfully directed to enter judgment and to close this action.

**SO ORDERED.**

/s/
ORELIA E. MERCHANT
United States District Judge

June 4, 2025
Brooklyn, New York